JOHNSON, Justice,
concurs.
|,I agree with the majority that Judge Ellender violated Canons 1, 2 A, and 3 A(3) of the Code of Judicial Conduct, and Article V, § 25(C) of the Louisiana Constitution of 1974.
In my view, Judge Ellender’s behavior directed towards Mrs. Warren was particularly egregious. Mrs. Warren appeared before Judge Ellender, unrepresented by counsel, asking the court for protection from domestic abuse. The record is clear that Judge Ellender not only failed to treat this matter seriously, but he also acted in a rude, condescending and demeaning manner towards Mrs. Warren, and treated her with a complete lack of respect. While such behavior should not be tolerated with respect to any litigant or attorney who appears before a court of this state, the impact it has on domestic abuse litigants, and others who expect the court’s protection, will likely have a more devastating impact.
While Judge Ellender expressed remorse over his behavior at the hearing before the Commission, and to this Court, I am troubled with Judge Ellender’s attempts to portray his actions as an isolated event. His actions in this case, and his actions which resulted in his prior suspension, seem to demonstrate a pattern of insensitivity on his part, whether that be racial, gender or class based. See: In re: Ellender, 04-2123 (La.12/13/04), 889 So.2d 225.
In In re Judge Sassone, 2007-0651 (La.6/29/07), 959 So.2d 859, this Court considered several charges against Judge Sas-sone, including one which charged that Judge Sassone acted in a rude, condescending and demeaning manner towards an attorney who appeared before her. We concluded that her actions demonstrated a lack of proper judicial temperament and demeanor because she did not act in a matter that was patient, dignified and courteous. In that case, we found that Judge Sassone acted in a rude, impatient and sarcastic manner towards an attorney, which served to unnecessarily demean him. Because Judge Sassone’s case involved other violations which attributed to her sixty day suspension, it cannot be directly compared to this matter. However, in my view, Judge Ellender’s behavior was even more offensive, since it was directed towards a litigant, as opposed to an attorney, *361 who may be better equipped to withstand discourteous or insulting behavior.
Given the totality of the circumstances, and Judge Ellender’s past record, I agree that a thirty day suspension, without pay, is the appropriate sanction in this case.